UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| ERNESTO LARA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1220-RLY-TAB |
| | ) | |
| CAROL STOHRY, in her official capacity | ) | |
| as County Clerk for Shelby County; | ) | |
| THOMAS DEBAUN, in his official capacity) | |
| as Sheriff of Shelby County; FRANK J. | ) | |
| ANDERSON, in his official capacity as | ) | |
| Sheriff of Marion County, | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Ernesto Lara, was arrested by the Indianapolis Police Department on a

failure to appear warrant originating out of Shelby County, Indiana.  Plaintiff alleges the

warrant never should have been issued, and that he was not taken before a magistrate

judge in a timely fashion.  Plaintiff filed a Complaint alleging a state law negligence

claim against Carol Stohry, in her official capacity as County Clerk for Shelby County,

and a federal due process claim against Thomas Debaun, in his official capacity as Sheriff

of Shelby County, and Frank J. Anderson, in his official capacity as Sheriff of Marion

County.

Defendants Stohry and Sheriff Debaun move for summary judgment on the claims

asserted against them.  In Plaintiff's Response, Plaintiff concedes that the motion should

1

be granted with respect to Sheriff Debaun.  Accordingly, Defendants' motion is

**GRANTED** with respect to that claim.  Further, and for the reasons set forth below,

Defendants' motion with respect to Stohry is likewise **GRANTED**.

**I.      Facts**

On July 16, 2002, Plaintiff was issued a citation by the Indiana State Police for

driving without a license.  (Amended Complaint ¶ 9).  Plaintiff appeared in Shelby

Superior Court II before the Honorable Russell J. Judge Sanders on July 25, 2002, to

answer the citation.  (*Id*. ¶ 11).  Plaintiff plead guilty and was ordered to pay $182.50 in

fines and costs before August 15, 2002.  (Defendants' Ex. 1, Transcript of Guilty

Plea/Sentencing Hearing at 5, 6).  Judge Sanders stated:

> Court:      I'll set this on a Thursday, Sylvi, the 15th.  Would you explain to
> him [Plaintiff] I'm setting the compliance hearing for August 15th at
> 8:30 a.m.  That will be on the sentencing order.  If he pays and
> shows the receipt to the court staff he doesn't need to be here.
>
> Mr. Hayes[1]:  He also qualifies for the $50.00 increase if he's not paid?
>
> Court:      No, not in this case.
>
> Mr. Hayes:  Not in this case?
>
> Court:      He'll go to jail if he's not here.
>
> Mr. Hayes:  Okay.
>
> Court:      And if it's not paid we'll discuss it when he's here on that day.

(*Id*. at 6).

---

[1] Mr. Hayes was the Spanish interpreter for Plaintiff.

2

On August 14, 2002, the day before the compliance hearing, Plaintiff went to the office of the Clerk of the Court office and paid the fine.  (Amended Complaint ¶ 14).  The Clerk's office entered the information into the County's computer system and issued Plaintiff a receipt.  (Defendants' Ex. 2, Affidavit of Carol Stohry ("Stohry Aff.") ¶ 5).  Plaintiff did not, however, take the receipt to the court staff as directed by the judge.  (Defendants' Ex. 3, Certified Court Docket in *State v. Lara*, 73 D02-0207-CM-840).  Plaintiff alleges his interpreter, Mr. Hayes, did not inform him that the receipt needed to be taken to the Judge's chambers.  (Affidavit of Ernesto Lara ("Lara Aff.") ¶ 11).  Plaintiff did not show up at court the following day.  (*Id.*).  Consequently, Judge Sanders issued a warrant for his arrest for failure to appear for the compliance hearing.  (*Id.*; Defendants' Ex. 6, Arrest Warrant).

On September 20, 2005, Plaintiff was arrested on the warrant in Marion County.  (Amended Complaint ¶ 17).  Plaintiff was detained in the Marion County Jail from September 20, 2005 to October 1, 2002.  (*Id.*).  On October 1, 2002, Plaintiff was transported to the Shelby County Jail, taken before the court the following day, and released.  (Defendants' Ex. 4, Defendant Debaun's Answer to Interrogatory No. 8; Defendants' Ex. 3).

## II.   Discussion

In order to establish a claim for negligence, a plaintiff must establish a duty and a breach of that duty proximately causing damages to the plaintiff.  *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991).  While the issue of the existence of proximate cause is often

determined by the trier of fact, summary judgment is proper under Fed.R.Civ.P. 56 when "the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Rivera v. Grossinger Autoplex*, 274 F.3d 1118, 1121 (7th Cir. 2001).

Plaintiff alleges that (1) Stohry knew that Plaintiff was excused from the August 15, 2002 hearing if he paid the fine; and (2) the warrant was erroneously issued.

As to the first allegation, there is no evidence that Stohry knew that if Plaintiff prepaid the fine, he was not to attend the hearing. The court speaks only through its record books. *Scott v. Kell*, 137 N.E.2d 449 (Ind.App. 1956). The record, as kept by Stohry, reflects that the fees were ordered to be paid on or before the compliance hearing. (Defendants' Ex. 7). There is no indication that the compliance hearing would be waived in the event that Plaintiff prepaid the fine.

As to the second allegation, the evidence reflects that Judge Sanders issued the arrest warrant only after Plaintiff failed to appear in court. (Defendants' Ex. 6). The actual written order makes no reference to any excuse not to attend the hearing. Thus, one cannot say that it was "erroneous" to issue a warrant based on the written record. Second, the oral record provides that Plaintiff must pay the fine and show the receipt to the court. By his own admissions, Plaintiff did not fulfill Judge Sanders' prerequisites for not attending the hearing. Plaintiff's ignorance of the prerequisites does not render the stated consequences erroneous.

Accordingly, the court finds Plaintiff has failed to raise a genuine issue of material

fact with regard to his negligence claim against Stohry.  Defendants' motion for summary judgment must therefore be **GRANTED**.

## III.   Conclusion

For the reasons explained above, the court hereby **GRANTS** the motion for summary judgment filed by Defendants Carol Stohry and Thomas Debaun.

**SO ORDERED** this  31st_  day of October 2005.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Laurel S. Judkins
OFFICE OF CORPORATION COUNSEL
ljudkins@indygov.org

Rafael Ramirez
RAMIREZ LAW OFFICE
ramirezlaw@aol.com

John Thomas Roy
ST. PAUL STAFF COUNSEL OFFICE
john.roy@stpaul.com